IN RE APPROPRIATION FOR HWY. PURPOSES OF LAND OF ALTSHULER.

[Cite as In re Appropriation for Hwy. Purposes, 12 Ohio App. 2d 169.]

(No. 1762—Decided November 28, 1967.)

*Mr. William B. Saxbe*, attorney general, *Mr. I. Charles Rhoads* and *Mr. William M. Collins*, for appellant Director of Highways.

*Mr. Myron Reinman*, for appellees property owners.

O'NEILL, J. The issue in this case is the date of take for purposes of valuation in an appropriation case filed by the Director of Highways. The Director of Highways is appealing a verdict and judgment for $47,052.11 on behalf of the property owners as compensation for property appropriated in fee simple.

The resolution and finding, which was filed on September 24, 1965, in addition to other requirements, set forth that the appellees, property owners, pursuant to Section 5519.03, Revised Code, were required to vacate the property within sixty days after the service of the resolution and finding. On October 25, 1965, the resolution and finding was served by the sheriff on the appellees. Subsequent to service and prior to the ex-

piration of sixty days, the appellees vacated the real property described in the resolution and finding.

After vacation of the property, but prior to trial, a third party entered upon the premises and demolished the structure located thereon. This third party was acting in its own behalf and not as an agent of the Director of Highways or of the property owners.

On February 16, 1967, the cause came on for trial in the Court of Common Pleas of Trumbull County. Prior to empaneling the jury, the trial court heard testimony for the purpose of determining the date of take. It was the contention of the Director of Highways that the date of take should be established as being the date of trial, for the claimed reason that the Highway Department had never taken possession of the premises. Thereupon, the trial court ruled that the date of take was December 22, 1965, being sixty days subsequent to service of the resolution and finding.

The appellees, during the trial, were allowed to give testimony of valuation as of December 22, 1965. The trial court excluded entirely the fair market value opinion testimony of appellant's appraisers, such opinion testimony as proffered showing that these appraisers appraised vacant land only as of the date of trial.

The Director of Highways, in pursuit of the construction of highway facilities, has the power to appropriate private property under Section 5519.01, Revised Code. This statute provides that the director shall make a finding of necessity; deposit the value of property and damages with the proper court; *"and thereupon the director may take possession of and enter upon said property, including the buildings and structures thereon."* When a structure is involved, the director is required pursuant to Section 5519.03 to make a separate finding of value for the structure or structures. Within sixty days after service of notice of the finding and resolution, "the owner or occupant of such structure shall vacate the same * * *" (Section 5519.03, Revised Code). The provisions of Section 5519.03, Revised Code, are obviously mandatory as to vacation of the structure.

"* * * As a general rule, there is a taking of property within the meaning of the constitutional provision, 'nor shall private

property be taken for public use, without just compensation,' where the act involves an actual interference with, or disturbance of, property rights, as distinguished from injuries which are merely consequential or incidental, and as distinguished further from trivial or insignificant takings or interferences." 26 American Jurisprudence 2d 823, Section 157.

The institution by the director of the mandate to vacate under Section 5519.03, Revised Code, is most certainly an interference with and a disturbance of appellees' property rights. The "interference" to establish a take has been defined as being of less dominion than involved in the instant matter.

"It is not necessary that property should be absolutely *taken*, in the narrowest sense of that word, to bring the case within the protection of this constitutional provision. There may be such serious interruption to the common and necessary use of property as will be equivalent to a taking, within the meaning of the Constitution." *Pumpelly* v. *Green Bay Co.*, 80 U. S. 166, paragraph five of the syllabus.

The foregoing case was one of the authorities relied upon by the Ohio Supreme Court to arrive at the determination that:

"Any actual and material interference with such rights, which causes special and substantial injury to the owner, is a taking of his property." *Mansfield* v. *Balliett*, 65 Ohio St. 451, paragraph two of the syllabus.

Recently, the Ohio Supreme Court approached the same question in the case of *Director of Highways* v. *Olrich*, 5 Ohio St. 2d 70, wherein the court said at page 74:

"Had the order to vacate been grounded upon the prospective taking for highway purposes, we would have to consider the rule in *City of Cleveland* v. *Carcione*, 118 Ohio App. 525. * * *,"

In the *Carcione case*, 118 Ohio App. 525, the Court of Appeals for Cuyahoga County gave consideration to the then general rule of law that where the appropriator had not taken possession of property prior to trial, the value would be computed as of time of trial. However, the court went on to say, at page 532:

"* * * Under such circumstances, the time as of which the evaluation of the property should be made must comport

with the peculiar facts and circumstances of the case so as to assure the owner of the property compensation in money which is just as contemplated by the Constitution of Ohio."

Under the facts and circumstances in the instant case, when the director chose to order the appellees to vacate their property pursuant to the mandatory provisions of Section 5519.03, Revised Code, and when the property owners (appellees) complied, having no other choice, there was indeed a substantial interference with property rights amounting to a "take" as of the date of the owners removal.

We hold that when the Director of Highways files a resolution and finding in the Common Pleas Court for the appropriation of property on which a structure is situated, and the owner or occupant of such structure is ordered to vacate such structure within sixty days after service of notice pursuant to Sections 5519.03 and 5519.01, Revised Code, the time of taking such property occurs when the owner or occupant vacates such structure in compliance with the order of the Director of Highways.

*Judgment affirmed.*

JONES, P. J., and LYNCH, J.